## DAMON *vs.* LEONARD HALL and wife.

Where land was purchased for a married woman, as a homestead, with her separate means, and she went into possession and made valuable improvements thereon with her own separate funds ; *Held* that the arrangement between the wife and her husband in respect to such purchase, being without any fraudulent intent, was lawful, and should be sustained.

And that notwithstanding the conveyance of the property so purchased was, by mistake, made to the husband, instead of the wife, her equity was superior to that of a creditor of the husband whose debt matured, and whose judgment was recovered, long after the title to the property had passed from the husband and wife, by conveyances to bona fide purchasers.

THIS was an appeal from a judgment entered upon the report of a referee. The action was brought by the plain-

Damon *v.* Hall.

tiff, a judgment creditor of the defendant Leonard Hall, whose execution had been returned unsatisfied, to reach certain property alleged to have been conveyed to the wife of the judgment debtor, for the purpose of defrauding his creditors. The answer denied all fraud or fraudulent intent on the part of the defendants, and alleged that the property was purchased for the wife, and paid for out of her separate estate. The action was referred to a referee, who found the following facts: That on the 7th of January, the plaintiff recovered a judgment against the defendant Leonard Hall, as indorser of two promissory notes for $100 each; and that an execution, issued on such judgment, was returned unsatisfied. That some time in the year 1852, Mary E. Hall, the wife of the defendant L. Hall, who had separate property, both real and personal, derived from the estate of her father, who died in Canada, requested her husband to purchase for her a house and lot for a homestead. That in pursuance of such request, the said Leonard Hall bargained with one Thomas Quigley for a house and lot on Prospect street, Rochester, for the consideration of about $1400, a part of which, being the sum of four or five hundred dollars, was, by the arrangement, to be paid by a sale to Quigley of a pair of horses and a hack, then owned by Leonard Hall, and the balance to be secured by a bond and mortgage upon the premises, payable in four equal annual installments, with interest. That Quigley was informed, at the time, that the purchase was for the benefit of the said Mary E. Hall, and that the deed was to be made to her. That subsequently, when the conveyance was prepared by the vendor, the grant was made to the husband instead of the wife, according to the directions given as above mentioned. That on Quigley's attention being called to this error, he informed Leonard Hall that it would make no difference; that his wife would be entitled to the use of the property, just the same; that to change the name would render it necessary to incur the expense of a new deed, &c.; that under these circumstances the deed was received by the

said Lenonard Hall, his wife not being present; and when the said Mary E. Hall was subsequently informed by her husband as to the manner in' which the conveyance had been made, and that it would be just as well as it was, she, relying on this representation, made no objection, but acquiesced in the same. That the hack and horses, constituting the first payment, were given. to the said Mary E. Hall and transferred to the vendor, for her benefit, and not otherwise. That at the time of said purchase and gift, the said Leonard Hall was entirely solvent, owing no debts that he was not fully able to pay, and all which were paid from property other than that so given to his wife. It was further proved that the said Mary E. Hall, after taking possession of said property under the arrangement, completed the house, which was unfinished, and made other improvements on the lot out of her own money, at a cost of about $400; and that in the same way, and from her own property, she paid the balance of the purchase money. That on the 9th day of July, 1856, the said house and lot were sold or exchanged, with the assent of the said Mary E. Hall, to John Haynes and John Lutes, she receiving in exchange fifteen acres of land in the town of Union, Monroe county. That to consummate such exchange a deed was given to her by Haynes and Lutes, in pursuance of the original understanding by which the property on Prospect street was purchased, conveyed and paid for, as above mentioned. That the said Mary E. Hall assumed the payment of a mortgage then a lien on the land in Union, given to one Smith, upon which there was then due about $500, being the agreed difference in the lands thus exchanged. That upon this mortgage she subsequently paid all over the sum of $350, which remained due on the 31st of May, 1859. That this payment was made from her own funds, without any thing being advanced by her husband. That on the said 31st of May, 1859, Hall and wife conveyed the premises in Union to E. M. Moore, by warranty deed, duly recorded. That as a consideration for said conveyance, Moore and wife

Damon *v.* Hall.

conveyed to Mary E. Hall certain lots of land in the city of Rochester by two several deeds, dated May 26, and June 2, 1859, respectively. That there was no consideration paid to said Moore, for his conveyances, other than the said land in Union, and the assumption on his part of the payment of $350, being the balance due upon the Smith mortgage. The referee further found as a fact, from the evidence, that the conveyances of July 9, 1856, were made and received in good faith, without any intent to hinder, delay or defraud the plaintiff or any other creditor of Leonard Hall. 2d. That Leonard Hall was not insolvent on the 9th of July, 1856, but became insolvent subsequently, and continued so until and at the rendition of the judgment of the plaintiff. 3d. That the conveyances made to and received from Moore were made and received in good faith.

The referee found, as conclusions of law : 1. That the conveyance from Haynes and Lutes, of July 9, 1856, to Mrs. Hall, being the consummation of an arrangement between herself and husband, in virtue of which she advanced her own money to complete the dwelling and to pay for the lot on Prospect street, was valid, and vested the whole title, legal and equitable, in the lands in Union, in the former. 2. That the relief claimed by the complaint should be denied with costs. Judgment was entered accordingly, and the plaintiff appealed.

*W. F. Cogswell,* for the appellant.

*John McConvill,* for the respondent.

*By the Court,* WELLES, J. The report of the referee shows that the house in Prospect street was purchased for the defendant Mary E. Hall, and with her separate means, in 1852, but by mistake the conveyance was made to her husband, the defendant Leonard Hall. The $500 or $525 alleged to have been paid by the defendant Leonard Hall was paid in per-

sonal property, a hack and a span of horses, which he gave to his wife at a time when he was perfectly solvent and had a right to make the gift. Notwithstanding the conveyance was made to the husband by Quigley, the grantor, Mrs. Hall. went into possession and made valuable improvements with her own separate means. That on the 9th day of July, 1856, before either of the notes had matured, and while her husband continued solvent and unembarrassed, Mrs. Hall sold the Prospect street property to Haynes and Lutes, and received in exchange fifteen acres of land in the town of Union. That to consummate such exchange, the deeds were given as mentioned in the complaint; that is to say : The defendants, Hall and wife, conveyed the Prospect street house to Haynes and Lutes, who at the same time conveyed the land in the town of Union to the defendant Mary E. Hall. Afterwards, and on the 31st of May, 1859, another exchange was made by Mrs. Hall of the property in Union, with Edward M. Moore, for several city lots in the city of Rochester. The deed for these lots was made by Moore to Mrs. Hall, and the latter joined with her husband in a conveyance of the Union property to Moore. The property in Prospect street was purchased for Mrs. Hall as a homestead, as early as 1852.

It is distinctly found by the referee that the conveyances of July 9th, 1856, being the one from Hall and wife to Haynes and Lutes for the Prospect street house and lot, and the one from the latter to Mrs. Hall of the property in the town of Union, were made and received in good faith, without any intent to hinder or delay or defraud the plaintiff, or any other creditor of the defendant Hall.

The fraud charged in the complaint being thus disproved, there remains no foundation upon which the action can rest. The legal title to the Prospect street property had passed from the defendant Leonard Hall to Haynes and Lutes long before judgment was obtained on the notes, and, as remarked, before the maturity of either of them, and there was never any legal lien by virtue of the judgment upon any or either

of the parcels of land mentioned ; and the transactions being free from any taint of fraud, the equity of Mrs. Hall is superior to that of the plaintiff. The arrangement between her and her husband in relation to the purchase of the Prospect street house and lot with her separate means and without any fraudulent intent, was lawful, and should be sustained.

I think the judgment should be affirmed with costs.

[MONROE GENERAL TERM, September 1, 1862. *Johnson, Campbell* and *Welles,* Justices.]